IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**EASTERN FISHING & RENTAL TOOL CO., INC.**          **PLAINTIFF**

**V.**          **CIVIL ACTION NO. 2:11-CV-238-KS-MTP**

**DORA FAYE McPHATE BLANEY**          **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **denies** Plaintiff's Motion to Remand [2] this case to the Chancery Court of Jones County, Mississippi.

### I. BACKGROUND

On or about July 27, 2007, Plaintiff and Defendant were parties to an "Asset Purchase and Sale Agreement" ("Purchase Agreement"), through which Plaintiff purchased several businesses owned by Defendant's family. On the same day, Plaintiff and Defendant entered into a "Non-Compete Agreement," in which Defendant agreed to not compete with Plaintiff for a period of five years in certain geographical regions. Plaintiff alleges that Defendant subsequently "helped form, finance, support, and profit" a business which competes with Plaintiff in the geographical regions outlined in the Non-Compete Agreement. Accordingly, Plaintiff alleges that Defendant breached both the Purchase Agreement and the Non-Compete Agreement.

This case was originally brought in the Chancery Court of Jones County, Mississippi. Defendant removed the case to this Court, and Plaintiff promptly filed a motion to remand the case back to the state court, which the Court now addresses.

### II. DISCUSSION

Both of the contracts at issue in this case have forum selection clauses. The Purchase Agreement contains the following provision: "Mississippi law shall govern the terms and conditions of this Asset Purchase and Sale Agreement and the parties covenant and agree that jurisdiction over any disputes regarding same shall rest in the appropriate Circuit or Chancery Court of the Second Judicial District of Jones County, Mississippi." Additionally, the Non-Compete Agreement provides: "Mississippi law shall govern the terms and conditions of this Non-Compete Agreement and the parties covenant and agree that jurisdiction over any disputes regarding this contract shall rest in the Chancery Court of the Second Judicial District of Jones County, Mississippi."

Plaintiff argues that the Defendant waived any right to remove the case to federal court by entering into a contract which specifically placed jurisdiction in a particular state court. "Federal law applies to determine the enforceability of forum selection clauses in both diversity and federal question cases." *Alliance Health Grp., LLC v. Bridging Health Options LLC*, 553 F.3d 397, 399 (5th Cir. 2008). The Fifth Circuit has held:

> For a contractual clause to prevent a party from exercising its right to removal, the clause must give a clear and unequivocal waiver of that right. A party may waive its rights by explicitly stating that it is doing so, by allowing the other party the right to choose venue, or by establishing the exclusive venue within the contract.
> A party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another. For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive.

*City of New Orleans v. Mun. Admin. Servs.*, 376 F.3d 501, 504 (5th Cir. 2004) (citations and punctuation omitted).

Neither of the forum selection clauses cited above contains an explicit waiver of Defendant's right to remove to federal court. Furthermore, Defendant did not grant Plaintiff the right to choose

the venue for any dispute over the contracts. Finally, the parties did not clearly and unequivocally establish the state court as the *exclusive* venue for any dispute over the contracts. Rather, the parties merely agreed that the state court would have jurisdiction of any such dispute. Of course, it is axiomatic that federal and state courts may have concurrent jurisdiction over certain matters. *Baldwin v. Sears*, 667 F.2d 458, 460 (5th Cir. 1982). Accordingly, the forum selection clause was merely permissive, rather than mandatory. *See Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 957 (5th Cir. 1974). Therefore, Defendant did not waive her right to remove the case to federal court.

### III. CONCLUSION

For the reasons stated above, the Court **denies** Plaintiff's Motion to Remand [2] this case to the Chancery Court of Jones County, Mississippi.

SO ORDERED AND ADJUDGED this 10th day of January, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE